THE STATE OF OHIO, APPELLEE, *v.* BOND, APPELLANT.

[Cite as State v. Bond (1972), 32 Ohio St. 2d 43.]

(No. 71-659—Decided November 22, 1972.)

*Mr. Harry Friberg*, prosecuting attorney, and *Mr. Joseph J. Hans*, for appellee.

*Messrs. Tyack, Scott & Colley* and *Mr. Thomas M. Tyack*, for appellant.

**44**

*Per Curiam.* In *State* v. *Sims,* decided July 7, 1971, we held that:

"In the absence of evidence in the record upon which it could be determined that an indigent convicted defendant knowingly and intelligently waived his right of direct appeal and his right to court-appointed counsel for direct appeal prior to the expiration of the time in which such an appeal could be taken, a Court of Appeals must make such a factual determination before it dismisses a motion for leave to appeal."

In *State* v. *Leroy,* decided May 17, 1972, a majority of this court felt that the *Sims* holding should not be given retroactive application. Although the syllabus in that decision was phrased in terms of Willis Leroy's particular situation, the reasons underlying it pertain to every criminal cause in which the time for filing a direct appeal expired prior to July 7, 1971, the date of our decision in *State* v. *Sims.*

Further, while this appellant admittedly knew about appeal rights at the time of his sentencing, there is absolutely nothing before us to show that he told the trial judge, after his conviction, either that he desired to appeal or that he wanted the continued assistance of court-appointed counsel for that purpose.

The judgment of the Court of Appeals for Lucas County, denying the motion for leave to appeal, is accordingly affirmed.

*Judgment affirmed.*

SCHNEIDER, CORRIGAN, LEACH and BROWN, JJ., concur.
O'NEILL, C. J., HERBERT and STERN, JJ., dissent.